### STATE OF FLORIDA v. ERNST etc.
Case Nos. 83-16032 TT A02
County Court, Palm Beach County
December 2, 1983

Lonnie Olds, for plaintiff.

Steven Gomberg, for defendant, William Ernst; Robert Saylor, for defendants, Michael Peterson and Edward Hanna; Peter Grable, for defendant, Maurice Lee Murphy; Joseph Jordan, for defendant, Donna F. McGillicuddy.

MARY E. LUPO, County Judge.

These five cases came before the court on November 30, 1983 on the defendants' Motions to Suppress breathalyzer results.

---

[11]*Cook v. Florida*, 80-1276 AP-01 (Sarasota County, 1981).

The defendants presented expert testimony of Norman Brager. The State of Florida presented no evidence. The court received memoranda of law from all parties and reserved ruling.

The legal issue before the court is whether the failure to collect and preserve a breath sample of the defendants at the time the police obtained samples for testing consitutes a denial of due process under Article I, Section 9, Florida Constitution and the Fourteenth Amendment, U.S. Constitution.

Several courts have reached the decision that the right to due process demands that a sample of breath be collected and preserved for inspection and testing by the defendant prior to the admissibility at trial of chemical breath test results. *Cook v. Florida*, 80-1276-AP-01 (Cir. Ct. Sarasota County, 1981) [2 Fla. Supp. 2d 184]; *State v. Martin*, 998-943 V (County Court, Hillsborough County, 1981) [1 Fla. Supp. 2d 159]; *State v. Molina*, 3X000555/6 (Criminal Court, City of New York, Bronx County, 1983); *People v. Trombetta*, 190 Cal. Rptr. 319 (1st DCA 1983); *Municipality of Anchorage v. Serrano*, 649 P.2d 256 (App. Alaska 1982); *Baca v. Smith*, 604 P.2d 617 (Ariz. 1979); *Garcia v. District Court*, 589 P.2d 924 (Colo. 1979), *Lauderdale v. State*, 548 P.2d 376 (Alaska 1976).

The court agrees with the reasoning of the Honorable Bertram Katz in the *Molina* case. Where breath sample preservation is possible and inexpensive and where it provides a means for the defendant to "cross-examine" the most damaging witness against him, i.e., the chemical breath test results, the police have a duty based on fundamental fairness to collect and preserve a breath sample for the defendant's use. In reaching this conclusion, the court is influenced by the fact that the legislature has made the results of a breath sample *per se* evidence of guilt. Under Section 316.193, Florida Statutes (1982), a defendant is guilty of driving with an unlawful blood alcohol level if he or she registers on a chemical breath test an alcohol level of 0.10%. In addition, under Section 316.1934, Florida Statutes (1982), a presumption of guilt of the charge of driving while impaired is created if the chemical breath test results show a blood alcohol level above 0.10%.

In the cases before the court, the chemical breath test results were obtained by use of a breathalyzer. By the nature of its operation, the breath sample obtained from the defendant when tested by this type of breath-testing instrument is destroyed; preservation of the test ampule, moreover, would not provide the defendant the ability to conduct an independent test nor the ability to challenge the validity of the original test. In cases such as these, where the evidence destroyed is legally

crucial to the definition of the crime itself, the defendants' need for independent testing and examination becomes even more essential.

Additional breath samples can be obtained from defendants at the time of their arrest by breathalyzer instruments as well as by other testing instruments approved by the State of Florida, Department of Health and Rehabilitative Services.

The court finds that the collection and preservation of additional breath samples can be obtained from defendants with minimal effort and expense. Failure to do so results in such a fundamental injustice to constitute a denial of due process. Without a sample of their breath, the defendants are denied their right to contest the charges against them, their right to cross-examine effectively the most damaging evidence against them. In viewing these cases in their totality, these defendants are being denied their right to due process and to a fair trial as guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, Section 9, Florida Consititution.

The court hereby orders that the defendants' Motions to Suppress are granted. All testimony and documents of the results of the breathalyzer tests in these cases is barred from introduction into evidence at trial.